UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **SANDRA CURLEY, ET AL** | * | **CIVIL NO. 14-2633** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **JPMORGAN CHASE BANK N.A.** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Defendant, JPMorgan Chase Bank, N.A.'s ("Chase") Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint filed on September 22, 2014 [rec. doc. 3]. Plaintiffs, Sandra Curley and Mark Curley (the "Curleys"), proceeding *pro se*, filed opposition on October 8, 2014. [rec. doc. 10]. Oral argument was scheduled for November 19, 2014.

For the following reasons, I recommend that the motion be **GRANTED**.

### Background

On July 21, 2005, the Curleys filed an action for damages in this Court after they were denied business loan applications for their wholesale book company by Bank One in 2002, 2003, and 2004.[1] *Sandra Curley, et al v. Bank One*, Docket No. 05-1304 (TLM-CMH). By Judgment entered on May 7, 2007, Judge Melançon dismissed plaintiffs' claims with prejudice. [rec. doc. 59].

---

[1] Chase merged with Bank One.

Plaintiffs appealed this ruling to the U.S. Court of Appeals for the Fifth Circuit. By Judgment issued as mandate on February 25, 2008, the Fifth Circuit affirmed the district court's ruling.  *Curley v. JPMorgan Chase Bank, NA*, 261 F.Appx. 781 (5th Cir. 2008).

On September 3, 2014, the Curleys filed the instant action asserting the same claims as in the prior suit against Bank One.  Specifically, plaintiffs assert claims under the Fair Housing Act, "Title VIII, (42 C.F.R. § 100.125)"; the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Equal Protection Clause of the United States Constitution.

On September 3, 2014, Chase filed the instant motion to dismiss on the grounds that plaintiffs have failed to state a claim against it.

## Standard for Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough

to raise a right to relief above the speculative level[.]" *Id*. (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555, 127 S.Ct. 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

## Analysis

Chase asserts that the Curleys' claims under the Equal Credit Opportunity Act ("ECOA"), Fair Housing Act ("FHA"), and the Equal Protection Clause have prescribed. Chase further argues that, even if these claims have not prescribed, the Curleys have not met the burden of pleading set by *Twombly* and its progeny.

### *Equal Credit Opportunity Act*

The Curleys assert that Chase "violate[d] the absolute ethical laws that conduct the operation of such esteem [sic] bank" under the ECOA.

3

ECOA, which contains language similar to that of Title VII, provides that it is unlawful for any creditor to discriminate against any applicant "with respect to any aspect of a credit transaction," and provides remedies for adverse actions taken on the basis of discrimination on the basis of race, color, religion, national origin, sex, marital status or age. 15 U.S.C. § 1691(a)(1). *Haynie v. Veneman*, 272 F.Supp.2d 10, 16 (D.D.C. 2003). The term "adverse action" means a "denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

ECOA requires that an action be brought no later five years after the occurrence of the alleged violation. 15 U.S.C. § 1691e(f). Thus, Curleys were required to bring their claim within five years from the date of the denial of their applications. *Haynie*, 272 F. Supp. 2d at 16.

In this case, the Curleys' applications were denied in 2002, 2003, and 2004, all of which are more than five years prior to the filing of this lawsuit. Accordingly, their claims under ECOA have prescribed.

*Fair Housing Act*

In the Complaint, the Curleys alleged a claim under "Title VIII (42 C.F.R. § 100.125)." At the hearing, Mrs. Curley clarified that plaintiffs were seeking relief under the Fair Housing Act, which is 42 U.S.C. § 3601, *et seq.*, and also referred to as Title VIII. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 131 S.Ct. 863, 869, 178 L.Ed.2d

4

694 (2011). Claims under FHA must be brought "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last." 42 U.S.C. § 3613(a)(1)(A).

Here, over nine years have transpired since the last denial of the Curleys' loan application. Accordingly, their FHA claim has prescribed.

In any event, the Curleys have failed to plead sufficient allegations to state a claim under FHA. In order for plaintiffs to state a claim for relief under the FHA, they must first establish that discrimination occurred in a property that is a "dwelling" within the meaning of the FHA. *Louisiana Acorn Fair Hous. v. Quarter House*, 952 F.Supp. 352, 358 (E.D. La. 1997). 42 U.S.C. § 3602(b) defines a dwelling as: "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof."

Plaintiffs' complaint refers only to loan applications to "expand their business" for their wholesale book company, not a residence. Accordingly, the Curleys' complaint fails to state a claim under FHA.

### *Equal Protection Clause*

Finally, the Curleys assert that Bank One denied them the "the equal protection of the laws guaranteed by the Fourteenth Amendment." For purposes of this motion, the undersigned construes this allegation as a claim under 42 U.S.C. § 1983.

Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. To state a section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

Here, plaintiffs have failed to assert a violation of constitutional law. Additionally, Chase is not a "state actor;" therefore, it cannot be held liable under § 1983. Thus, plaintiffs have failed to state a claim under Title VII.

In any event, any claims under § 1983 have prescribed. In an action brought in federal court pursuant to 42 U.S.C. § 1983, the court "borrows" the state statute's statute of limitations for personal injury actions. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) (*citing Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In this case, the applicable rule of limitations is the one-year prescriptive period established

by Article 3492 of the Louisiana Civil Code. *Id.*; *Haygood v. Begue*, 2014 WL 1316179, *3 (W.D. La. March 31, 2014) (Hicks, J).

Although state law supplies the limitations period for § 1983 claims, federal law determines when the cause of action accrues. *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992) (*citing Board of Regents v. Tomanio*, 446 U.S. 478, 483-86, 100 S.Ct. 1790, 1794-86, 64 L.Ed.2d 440 (1980)). In this Circuit, a § 1983 claim accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Brummett* (*quoting Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987)).

Here, more than one year has passed since the Chase's alleged injury occurred. Accordingly, this claim has prescribed.

## Conclusion

Based on the foregoing reasons, I recommend that JPMorgan Chase Bank, N.A.'s Rule 12(b)(b) Motion to Dismiss Plaintiffs' Complaint [rec. doc. 3] be **GRANTED**, and that plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served

with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed November 25, 2014, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 11/25/2014
BY: cgg
TO: RFD