RECEIVED

JUN 2 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SANDRA CURLEY and MARK CURLEY | CIVIL ACTION NO. 14-2633 |
| VERSUS | JUDGE DOHERTY |
| JP MORGAN CHASE BANK NA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the Motion for Reconsideration [Doc. 16] filed by plaintiffs Mark and Sandra Curley. The motion is opposed by defendant JP Morgan Chase Bank NA, successor by merger to Bank One NA [Doc. 18]. For the following reasons, the motion is DENIED.

The magistrate judge succinctly set forth the facts of this case in the Report and Recommendation he issued on November 25, 2014 [Doc. 12], after having conducted oral argument on defendant's Motion to Dismiss for Failure to State a Claim [Doc. 3]. On July 21, 2005, the Curleys filed an action for damages in this Court after they were denied business loan applications for their wholesale book company by Bank One in 2002, 2003, and 2004. By Judgment entered on May 7, 2007, Judge Melançon dismissed plaintiffs' claims with prejudice. Thereafter, Chase merged with Bank One.[1] Plaintiffs appealed Judge Melançon's ruling to the U.S. Court of Appeals for the Fifth Circuit. By Judgment issued as mandate on February 25, 2008, the Fifth Circuit affirmed the district court's ruling. *See Curley v. JPMorgan Chase Bank, NA*, 261 F.Appx. 781 (5th Cir. 2008).

On September 3, 2014, the Curleys filed the instant action asserting the same claims as in the

---

[1] Bank One has since merged with JP Morgan.

prior suit against Bank One. Specifically, plaintiffs assert claims under the Fair Housing Act, "Title VIII, (42 C.F.R. § 100.125)"; the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Equal Protection Clause of the United States Constitution. On September 3, 2014, Chase filed a motion to dismiss on grounds the plaintiffs failed to state a claim.

On November 25, 2014, the magistrate judge issued a Report, recommending dismissal of the plaintiffs' claims on grounds their claims had prescribed under the Equal Credit Opportunity Act; plaintiffs failed to state a cause of action under the Fair Housing Act; plaintiffs failed to assert a violation of constitutional law under the Equal Protection Clause and/or Title VII; and all §1983 claims had prescribed [Doc. 12]. This Court adopted the magistrate judge's Report and issued a Judgment on December 16, 2014 [Doc. 14] dismissing the case. The instant motion for reconsideration seeks reconsideration of the foregoing Judgment on grounds previously asserted by the plaintiffs in their opposition to the original motion to dismiss.

The Fifth Circuit has held a motion which challenges a prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b), depending on when the motion was filed. If the motion was filed within twenty-eight days of the entry of judgment, it will be considered under Rule 59(e); if filed after that time period, it will be treated as a motion under Rule 60(b). *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991), *citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (overruled on other grounds). In the instant case, plaintiffs filed their motion for reconsideration almost four months after entry of judgment, therefore the motion is properly considered under Rule 60(b).

FED. R. CIV. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding")

2

provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The jurisprudence is well-settled that relief under Rule 60(b)(6) is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present." *U.S. ex rel. Garibaldi v.. Orleans Parish Sch. Bd.*, *supra* at 337 (5th Cir. 2005).

In the instant case, the plaintiffs do not satisfy any of the factors set forth in Rule 60(b)(1)-(5), nor have they provided this Court with a sufficient basis to establish that this case provides an "extraordinary situation" or that "extraordinary circumstances are present" under Rule 60(b)(6). The plaintiffs have simply presented the same arguments they presented to the magistrate judge, which were thoroughly and thoughtfully considered and rejected in the Report and Recommendation. Consequently, this Court concludes the plaintiffs are not entitled to the relief requested in the instant motion.

Considering the foregoing, IT IS ORDERED that the Motion for Reconsideration [Doc. 16] filed by plaintiffs Mark and Sandra Curley is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22nd day of June, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4